UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:18-CR-00181 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JAMES SHIVELY | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Pending before the Court is Defendant James Shively's ("Shively") Appeal of the Magistrate Judge's Decision revoking his probation and ordering him to serve a term of imprisonment of six months. [Doc. No. 12]. Defendant filed a Memorandum in Support of his appeal [Doc. No. 18]. The Government has filed a Response [Doc. No. 19]. The issue is ripe.

**I.**

**Facts and Procedural History**

Shively was charged with DUI- Drugs, 36 CFR 4.23 (a)(1) and possession of marijuana, 36 CFR 2.35 (b)(2). Shively pled guilty and was sentenced on April 26, 2018, to a probation term of six months to begin on that date and ending on October 25, 2018; a $975.00 fine; a $60 processing fee; and a $20 assessment, by U.S. Magistrate Judge David A. Sanders of the United States District Court for the Northern District of Mississippi. On July 11, 2018, jurisdiction of Shively's case was transferred to the Western District of Louisiana and assigned to and accepted by U.S. Magistrate Judge Karen L. Hayes [Doc. No. 1].

On July 16, 2018, a Petition for a Warrant for Offender Under Supervision was filed with the Court seeking to revoke Shively's probation due to the violations of the conditions of supervision. [Doc. No. 3]. Shively was alleged to have violated the terms of his supervision by

unlawful possession of a controlled substance (Mandatory Condition 2); unlawful use of a controlled substance (Mandatory Condition 3); failing to follow the instructions of the probation officer related to the conditions of supervision (Standard Condition 13); and failing to attend alcohol/drug treatment if deemed advisable by the probation officer (Special Condition). The probation officer recommended that Shively's probation be revoked.

Shively was arrested and appeared for an Initial Appearance on July 18, 2018. A final probation revocation hearing was held on July 23, 2018. The factual basis established by his probation officer's testimony showed that Shively had tested positive for marijuana on May 24, 2018, in violation of the mandatory conditions of his probation that he not unlawfully possess or use a controlled substance. In addition, Shively failed to follow the instructions of his probation officer related to the conditions of probation in that he failed to timely make an appointment with Ouachita Counseling Services for a substance abuse assessment. Furthermore, he failed to comply with the conditions of treatment with Ouachita Counseling Services, and he failed to attend alcohol and drug treatment as directed by his probation officer.

In an effort to exhaust all resources in order to motivate Shively, his probation officer arranged for her superior officer to explain to Shively how to comply with his conditions of supervision. When that failed, she had her supervisor explain to Shively what was expected of him, to no avail. Rather than take advantage of the numerous opportunities he had been given to comply, Shively stated to his probation officer that he was going to try to push his noncompliance as far as he could.

At the hearing, Shively admitted his violation. However, he elicited testimony from his probation officer that he was tested again for marijuana on July 13, 2018, and the result was negative. He further elicited testimony that he was gainfully employed by a welding company

during his supervision. He produced the testimony of his mother that she was willing to have him move in with her if he was released from custody, that she would personally take him to his counseling sessions, and that his employer was willing to take him back if he were released.

The Magistrate Judge found that Shively had violated the conditions of his probation as outlined in the petition for revocation and in accordance with his admission and the factual basis established by the probation officer. After consideration of the evidence, the Magistrate Judge revoked Shively's probation and sentenced him to six months imprisonment with no additional supervision, to follow. [Doc. Nos. 8, 10].

Shively filed a Notice of Appeal on July 30, 2018, challenging the Magistrate Judge's sentence.

**II.**

**Standard of Review**

A sentence imposed when supervised release or probation is revoked is normally reviewed under the "plainly unreasonable" standard. See *United States v. Walker,* 742 F.3d 614, 616 (5th Cir. 2014).

**III.**

**Law and Analysis**

Shively does not contest the Magistrate Judge's determination that he violated the terms of his probation and that revocation is in order. Further, he agrees that his sentence is within the guideline range. He instead appeals the term of the sentence, alleging that it is excessive.

Shively contends that the testimony elicited at the hearing showed that he had become compliant and employed and that he could be monitored in the residence of his mother. He asserts that after the May positive test, he was compliant with all of his requirements, except scheduling

an appointment for his drug counseling. He argues that in view of the mitigating testimony, the Magistrate Judge's decision was an abuse of discretion. He believes that a more reasonable sentence would have confined him in a manner to maintain his employment.

A revocation sentence is first reviewed to determine if the district court committed procedural error. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Procedural errors include "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence ..." *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012) (citation omitted). There has been no allegation that the Magistrate Judge committed any procedural errors in this case.

Furthermore, if there are no procedural errors, the sentence is then reviewed for substantive reasonableness. *Miller*, 634 F.3d at 843. A district court has "substantial latitude" in crafting an appropriate sentence for a defendant who has violated the terms of his supervised probation. See *Id.* (citation and internal quotation marks omitted).

When the sentence actually imposed is within the Guidelines range, it is presumed substantively reasonable, and this Court "will infer that the judge has considered all the factors for a fair sentence ..." *United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir 2012) (citation omitted); *United States v. Brown*, 590 Fed. Appx. 415, 416 (5th Cir. 2015) (applying the presumption of reasonableness to a revocation sentence). A defendant's "mere belief that the mitigating factors presented for the court's consideration should have been balanced differently is insufficient to disturb this presumption*.*" *Alvarado*, 691 F.3d at 597 (citation omitted); *Brown*, 590 Fed.Appx. at 416 (applying this principle to a revocation sentence). So, too, is this Court's belief that a different sentence would have been more appropriate. *Kippers*, 685 F.3d at 500.

4

Shively was given numerous opportunities to comply with the conditions of his probation, yet he chose to push his noncompliance as far as he could. Nothing in the record indicates that the sentence imposed by the Magistrate Judge is plainly unreasonable when home detention was available. Moreover, this Court finds that the sentence imposed by the Magistrate Judge was not only substantively reasonable, but was also the appropriate sentence under the facts of this case.

## IV.

## Conclusion

For the foregoing reasons, the Court finds that the sentence imposed by the Magistrate Judge was substantively reasonable, appropriate, and clearly not excessive. Accordingly, Shively's Appeal of the Magistrate Judge's Ruling [Doc. No. 12] is **DENIED**.

Monroe, Louisiana, this 22nd day of August, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**